OPINION
{¶ 1} Appellant, Paul B. Goist ("Goist"), appeals the September 10, 2003 judgment entry of the Trumbull County Court of Common Pleas denying his Crim.R. 32.1 motion to withdraw a guilty plea. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On July 11, 1985, Goist pled guilty to one count of burglary in violation of R.C. 2911.12 and one count of robbery in violation of R.C. 2911.02. The court suspended a sentence of three to fifteen years incarceration for each count to be served concurrently. The court placed Goist on probation for three years and ordered him to serve six months in the Trumbull County Jail; to pay a fine of $259.10; and to participate in an alcohol treatment program for six months. On October 31, 1986, the court found Goist to be in violation of the terms of his probation and imposed the suspended sentence. Goist is currently serving a sentence at a federal facility in South Carolina for his conviction on two counts of unarmed bank robbery unrelated to the facts of the present case. See United States v. Goist (Mar. 7, 2003), 6th Cir. No. 01-4211, 2003 U.S.App. LEXIS 4291.
 {¶ 3} On July 22, 2003, Goist filed a motion to withdraw his guilty plea entered on July 11, 1985, on the grounds that the plea was entered into unknowingly, involuntarily, and unintelligently. Goist timely appeals the denial of that motion.
 {¶ 4} Goist raises a single assignment of error: "Absent the State of Ohio to show that the Appellant entered his plea of guilty freely, voluntarily, and knowingly, a prior conviction based upon that guilty plea is invalid as a matter of law and unconstitutional." [Sic.]
 {¶ 5} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The phrase "manifest injustice" has been "variously defined," however, "it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." State v. Smith (1977), 49 Ohio St.2d 261,264 (citation omitted). The reason for such a high standard for granting a post-sentence motion to withdraw a guilty plea "is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." State v. Caraballo (1985),17 Ohio St.3d 66, 67, citing State v. Peterseim (1980),68 Ohio App.2d 211, 231 (citation omitted); Smith, 49 Ohio St.2d at 264 ("The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment.") (Citation omitted.)
 {¶ 6} The burden of establishing the existence of manifest injustice is on the movant. Smith, 49 Ohio St.2d 261, paragraph one of the syllabus. "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus.
 {¶ 7} In the present case, Goist argues that his guilty plea was invalid because it was not made knowingly, intelligently, and voluntarily. State v. Engle, 74 Ohio St.3d 525, 527,1996-Ohio-179 ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily."). Specifically, Goist maintains that the trial court failed to inform him of the consequences of a guilty plea, of the nature and elements of the charges against him, of his right to appeal, and of the other rights he would be waiving by entering a plea of guilty. Cf. Crim.R. 11(C)(2) (providing that the court "shall not accept a plea of guilty * * * without * * * [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, * * * [i]nforming the defendant of * * * the effect of the plea of guilty * * *, * * * [i]nforming the defendant * * * that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him * * *, to have compulsory process for obtaining witnesses in defendant's favor, and to require the state to prove the defendant's guilty beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself").
 {¶ 8} Goist supported his motion with an affidavit stating that his plea was not voluntary and that the court had failed to inform him of his rights. According to Goist, this evidence is sufficient to establish manifest injustice. We disagree.
 {¶ 9} The trial court is not bound to accept, uncritically, the allegations made in Goist's affidavit. The written plea agreement, signed by Goist on July 11, 1985, provides: "After being fully informed by my counsel and by the Court of the charge against me, I am making a plea voluntarily with the understanding of the nature of the charge and the consequences, including the penalty of the plea * * *. I understand I have the right to a jury trial. I understand that at trial I have the right to confront and cross-examine the witnesses against me, and * * * to require the State to prove my guilt beyond a reasonable doubt * * *. Upon conviction, I would have the further right of Appeal. However, I waive all those rights, including the right to trial by jury. * * * I am entering the plea of guilty after being fully informed by my counsel and by the Court of the elements of the charge. [The elements of robbery and burglary are set forth.] * * * I am, therefore, satisfied that I am now entering this plea with a full understanding of my legal rights under the facts and circumstances as explained to me by my attorney and the Court."
 {¶ 10} This written plea agreement directly contradicts every allegation made in Goist's affidavit to support his claim of an invalid plea. Goist offers no explanation for the discrepancy between his affidavit and the written plea agreement. Nor has Goist provided a transcript of the sentencing hearing. Without the benefit of a transcript, it was within the court's discretion whether or not to credit the good faith and truthfulness of the allegations contained in the affidavit.
 {¶ 11} The Ohio Supreme Court has held that "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Smith,49 Ohio St.2d 261, paragraph three of the syllabus. It is worth noting that, in the present case, Goist filed his Crim.R. 32.1 motioneighteen years after entering his guilty plea. Again, Goist offers no explanation for the delay in filing the motion to withdraw the plea. Given that the written plea agreement signed by Goist attests that his plea was entered knowingly, intelligently, and voluntarily and that Goist waited eighteen years before challenging the plea, we hold that the trial court acted within its discretion by denying Goist's motion to withdraw his guilty plea. State v. Gibson, 11th Dist. No. 2001-T-0094, 2002-Ohio-3153, at ¶¶ 6, 24 ("manifest injustice" not found where movant waited five years to challenge the plea and the signed plea agreement contradicted movant's allegations); State v.Gibbs (June 9, 2000), 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526, at *10-*15 ("manifest injustice" not found where movant waited six years to challenge the plea and failed to provide transcript of the sentencing hearing).
 {¶ 12} Goist's sole assignment of error is without merit. The decision of the Trumbull County Court of Common Pleas is affirmed.
Christley, J., O'Neill, J., concur.