OPINION
{¶ 1} Appellant, Timothy A. Combs, appeals the judgment of the Portage County Common Pleas Court denying his third motion to withdraw the guilty plea he entered in the underlying criminal proceeding. At issue is whether the assigned errors are barred by res judicata. For the reasons that follow, we affirm.
 {¶ 2} On December 21, 2002, appellant was indicted on four counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b). Each count of the indictment alleged that appellant had engaged in sexual conduct with an individual who *Page 2 
was not his spouse and who was under the age of thirteen at the time of the offense. The state's evidence included appellant's confession to the police in which appellant admitted he had engaged in fellatio on at least two occasions with his girlfriend's seven year old son. Appellant performed fellatio on the boy and had the child perform oral sex on him. Appellant told the police that afterwards, he ejaculated. Each count exposed appellant to the potential sentence of ten years in prison.
 {¶ 3} Initially, appellant entered a plea of not guilty. However, in February, 2003, his original trial counsel negotiated a plea agreement with the state, pursuant to which appellant agreed to plead guilty to the first count of rape as charged in the indictment in exchange for the state's agreement to dismiss the remaining counts. Consistent with these terms, appellant executed a written plea of guilty, and at a change-of-plea hearing held by the trial court on February 7, 2003, appellant also orally waived his various rights and plead guilty. Pursuant to the plea agreement, the state dismissed the remaining charges.
 {¶ 4} The trial court found appellant's guilty plea was knowingly and voluntarily entered and accepted his plea. The court then ordered an investigation into appellant's background for purposes of sentencing and a possible "sexual predator" determination. Upon the completion of the investigation, a sentencing hearing was held on March 24, 2003. During this hearing, appellant stipulated to a finding that he was a sexually oriented offender. At this hearing appellant attempted to minimize the seriousness of his conduct by saying he had been abused as a child. He further advised the trial court: "* * * I understand what I done was wrong. I am deeply sorry for what I done." The trial court sentenced appellant to serve a term of nine years in prison. The court further *Page 3 
determined that appellant should be designated as a sexually oriented offender. Following the hearing, the court issued two judgments setting forth the foregoing decisions. Appellant did not file a direct appeal from his conviction.
 {¶ 5} After serving approximately six months of his sentence, appellant filed a petition to set aside his conviction. As the primary basis for this pro se pleading, he argued that his constitutional rights had been violated when he had confessed his crimes to a Portage County Sheriff's detective. Thereafter, the trial court entered judgment denying appellant's request for post conviction relief. Appellant did not appeal the court's judgment.
 {¶ 6} On February 7, 2004, appellant mailed to the trial judge a letter, later filed as a docket entry, moving to withdraw his guilty plea. He stated that he had never committed the crimes alleged in the indictment, and that he had been forced to accept the plea bargain by his original trial counsel. After reviewing appellant's new assertions, the trial judge first ordered that appellant be transferred back from the state prison to the Portage County Jail. The trial judge held a hearing to determine whether appellant was indigent. Following the hearing, the trial judge found that appellant was entitled to the appointment of new trial counsel for the purpose of submitting any pertinent post-conviction motion.
 {¶ 7} On May 10, 2004, appellant's new counsel filed a supplemental motion to withdraw the guilty plea on behalf of appellant. As grounds for this motion, counsel first argued that the plea had not been made knowingly because, prior to entering his guilty plea, appellant's original trial counsel had improperly told him that, once he executed the written guilty plea, there would be "no going back." Second, the motion asserted *Page 4 
that the plea had not been made knowingly because, after the plea had already been accepted, the original trial counsel informed appellant that the seven year old victim had not made a statement to police.
 {¶ 8} On the same day the motion to withdraw was submitted, the trial court conducted a hearing at which appellant and his new counsel were present. At this hearing appellant testified his trial counsel was ineffective because he rarely came to visit him in jail. He also said that prior to pleading guilty, his attorney said that once he signed the written guilty plea, there "was no turning back." He said his attorney scared him. On cross examination, appellant admitted that at his sentencing, when given an opportunity to address the court, he never advised the court about his attorney being ineffective. Three days after this hearing, the trial court entered judgment denying the motion to withdraw the guilty plea.
 {¶ 9} Appellant appealed this judgment to this court in State v.Combs, 11th Dist. No. 2004-P-0040, 2005-Ohio-6419 ("Combs I"). Appellant argued that his motion to withdraw should have been granted because he was denied his right to effective assistance of trial counsel due to his attorney's incorrect advice prior to entering his guilty plea. On December 2, 2005, this court affirmed the trial court's judgment. This court held that if appellant's attorney had told appellant he could not change his mind after he executed a written guilty plea, "such a statement would not have affected the validity of the guilty plea."Combs I, at ¶ 17. Further, this court held that "there is no requirement for a trial court to inquire concerning whether trial counsel has informed the defendant of the provisions of Crim. R. 32.1, and that trial counsel does not render ineffective assistance by failing to tell the defendant that the guilty plea could be *Page 5 
withdrawn under certain circumstances." Id. at ¶ 18. This court also noted that if appellant's counsel had made the statement about there being "no going back, "counsel was informing appellant that, once he had entered his guilty plea, he could not simply change his mind for any reason and retract the plea. To this extent, the alleged statement of appellant's original trial counsel was consistent with the prior case law of this court." Id. at ¶ 23.
 {¶ 10} Thereafter, on May 23, 2006, appellant again moved the trial court to withdraw his guilty plea. The trial court denied appellant's second post-sentence motion. Appellant failed to appeal the court's denial of this motion. Then, on July 19, 2007, appellant filed a third motion to withdraw his guilty plea with the trial court. On July 23, 2007, the trial court denied this motion to withdraw. Appellant timely appeals the trial court's denial of his third motion to withdraw his guilty plea, asserting ten assignments of error. As appellant's assigned errors are disposed of on identical grounds, we shall consider them together. For these assignments of error, appellant contends:
 {¶ 11} "[1.] THE APPELLANT WAS DENIED HIS FIFTH AMENDMENT DUE PROCESS RIGHT OF THE U.S. CONSTITUTION; THE PORTAGE COUNTY SHERIFFES [SIC] DETECTIVES USED FALSE ALLEGATIONS TO PROFER [SIC] A CONFESSION THAT CONTAINED NO FACTUAL BASES [SIC] OF TRUTH.
 {¶ 12} "[2.] THE APPELLANT WAS DENIED HIS FIFTH AMENDMENT DUE PROCESS RIGHT OF THE U.S. CONSTITUTION; THE PORTAGE COUNTY SHERIFFES [SIC] DETECTIVES COMPELLED THE APPELLANT TO INCRIMINATE HIMSELF. *Page 6 
 {¶ 13} "[3.] THE APPELLANT WAS DENIED HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHT OF THE U.S. CONSTITUTION; THE PORTAGE COUNTY SHERIFFES [SIC] DETECTIVES FAILED TO MIRANDIZE THE APPELLANT BEFORE HE WAS COMPELLED TO CONFESS.
 {¶ 14} "[4.] THE APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT OF THE U.S. CONSTITUTION; [SIC] TO EFFECTIVE ASSISTANCE OF COUNSEL, TRIAL COUNSEL FAILED TO FULLY INVESTIGATE THE CIRCUMSTANCES OF THE CONFESSION AND THE LACK OF FACTS THAT SURROUND THE APPPELLANTS [SIC] CASE.
 {¶ 15} "[5.] THE APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT OF THE U.S. CONSTITUTION; TRIAL COUNSEL FAILED TO REQUEST A COMPETENCY HEARING FOR THE APPELLANT WHICH FURTHER VIOLATED THE APPELLANT'SFOURTEENTH AMENDMENT `PROCEDURAL DUE PROCESS RIGHT.'
 {¶ 16} "[6.] THE APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE U.S. CONSTITUION; TRIAL COUNSEL FAILED TO SUPPRESS THE APPELLANT'S COERCIDE [SIC] AND ILLEGALLY OBTAINED CONFESSION.
 {¶ 17} "[7.] THE APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT OF THE U.S. CONSTITUTION; TRIAL COUNSEL FAILED TO INFORM THE APPELLANT OF HIS LEGAL RIGHT TO INSPECT THE DISCOVERY PACKAGE.
 {¶ 18} "[8.] THE APPELLANT WAS DENIED HIS SIXTH AMENMENT RIGHT OF THE U.S. CONSTITUION; TRIAL COUNSEL VIOLATED THE APPELLANTS [SIC] *Page 7 
RIGHT TO HAVE HIS CASE HEARD IN FRONT OF A JURY, A VIOLATION OF HIS DUE PROCESS RIGHT.
 {¶ 19} "[9.] THE APPELLANTS [SIC] GUILTY PLEA WAS ENTERED WITHOUT SUFFICIENT FACTUAL BASIS TO SUPPORT THE PLEA.
 {¶ 20} "[10.] THE TRIAL COURT VIOLATED THE APPELLANTS [SIC] SIXTH ANDFOURTEENTH AMENDMENT RIGHT OF THE U.S. CONSTITUTION: [SIC] WHEN THE TRIAL COURT DENIED THE APPELLANT'S MOTIONS TO WITHDRAW HIS GUILTY PLEA, WITHOUT ANY CONCLUSIONS OF LAW."
 {¶ 21} In his first and second assignments of error, appellant argues his 2002 confession to police was coerced by alleged false statements made by the sheriff's detective. In his third assignment of error, he contends that police failed to give him his Miranda rights before he signed his confession. In his fourth, fifth, sixth, seventh and eighth assignments of error, appellant argues he was denied effective assistance of counsel because his trial counsel failed to, respectively, investigate the circumstances surrounding his confession; request a competency hearing; suppress his coerced confession; inform him of his right to inspect the "discovery package;" and have appellant's case heard in front of a jury. In his ninth assignment of error, appellant argues there was not a sufficient factual basis in support of his guilty plea. He also argues his guilty plea was involuntary. In his tenth assigned error, appellant contends the trial court erred in not making findings of fact and conclusions of law when it denied his three motions to withdraw his guilty plea.
 {¶ 22} We observe that each of these assigned errors was either raised or could have been raised in a direct appeal; in Combs I, in which appellant appealed the trial *Page 8 
court's denial of his first motion to withdraw his guilty plea; or in an appeal from his second motion to withdraw his guilty plea. Each of appellant's arguments is based on facts of which appellant was fully aware at the time he entered his guilty plea. Appellant does not argue and there is nothing in the record to suggest that any of these assigned errors is based on information first made available to him after he entered his guilty plea. Because appellant either previously raised or could have raised these assignments of error, they are now barred by the doctrine of res judicata.
 {¶ 23} "`Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant * * * from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised bythe defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'" (Emphasis sic.)State v. Szefcyk, 77 Ohio St.3d 93, 95, 1996-Ohio-337, quoting State v.Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus; accord:State v. Dudas, 11th Dist. Nos. 2007-L-140 and 2007-L-141,2008-Ohio-3262, at ¶ 73.
 {¶ 24} "For a defendant to avoid dismissal of the petition [for post conviction relief] by res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court's record, and it must not be evidence that existed or was available for use at the time of trial. * * * To overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon the information in the original record.'" State v. Adams, 11th Dist. No. 2003-T-0064, 2005-Ohio-348, *Page 9 
at ¶ 39, quoting State v. Lawson (1995), 103 Ohio App.3d 307, 315; See also, Dudas, supra, at ¶ 74.
 {¶ 25} This court has had occasion to address the application of res judicata in the context of a motion to withdraw a guilty plea. InState v. McDonald, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, this court held:
 {¶ 26} "Res judicata bars claims raised in a Crim. R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding. State v. Young, 4th Dist. No. 03CA782, 2004-Ohio-2711, [2004 Ohio App. LEXIS 2404, *]5. * * * Because the trial court's denial of appellant's first motion to withdraw his guilty plea was an adjudication on the merits of his claims and was based upon the same facts and sought the same relief as the second motion, the trial court's denial of his first motion operated under res judicata to bar the successive motion. * * * Thus, appellant's motion is barred by res judicata." Id. at ¶ 22.
 {¶ 27} In State v. Lorenzo, 11th Dist. No. 2007-L-085, 2008-Ohio-1333, the defendant plead guilty to operating a motor vehicle under the influence of alcohol. The trial court sentenced him to two years in prison to be served consecutively to the repeat offender specification. The defendant appealed challenging only the court's imposition of consecutive sentences. After this court affirmed the lower court's decision, the defendant moved to withdraw his guilty plea. The trial court denied the motion and the defendant appealed, arguing that his counsel was ineffective and that his plea was not voluntarily entered. This court held:
 {¶ 28} "`Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any *Page 10 
proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' [State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695,] at ¶ 12, quoting State v.Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, * * * at syllabus. This doctrine bars claims raised in a Crim. R. 32.1 post-sentence motion to withdraw [a] guilty plea that were raised or could have been raised in prior proceedings.' Young, [supra]; accord, McDonald, [supra] at ¶ 22.
 {¶ 29} "As previously stated, appellant raised issues related to sentencing in his prior appeal. Since issues related to the entry of his guilty plea could have been raised at that time, he is now barred from raising them now. See Green, [supra], at ¶ 13. Since we addressed the sentencing issues in his prior appeal, these are, likewise, res judicata." Lorenzo, supra, at ¶ 20-21.
 {¶ 30} Because each of the arguments asserted under appellant's assigned errors is based on information available to appellant at the time he entered his guilty plea and was raised or could have been raised in a direct appeal as well as appeals of prior rulings of the court, each is barred by res judicata.
 {¶ 31} We note that under appellant's ninth assigned error, he also argues his guilty plea was involuntary because, he states, he was on prozac at the time and the trial court should have asked him if he was on medication when he entered his guilty plea. Even if this argument was not barred by res judicata, it would not be well taken.
 {¶ 32} Under Ohio law, a criminal defendant's ability to withdraw a prior plea of guilty is governed by Crim. R. 32.1. This rule provides: "A motion to withdraw a plea of *Page 11 
guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 33} In interpreting this rule, the courts of this state have indicated that the standard of review a trial court must apply in determining the merits of a motion to withdraw depends on when the defendant files the motion. If the motion to withdraw is filed before the trial court has imposed a sentence in the action, the withdrawal of the plea should be allowed when the defendant can establish a reasonable and legitimate basis for the request. State v. Alford (Sept. 3, 1999), 11th Dist. No. 98-L-043, 1999 Ohio App. LEXIS 4132, *6, quotingState v. Xie (1992), 62 Ohio St.3d 521 at paragraph one of the syllabus. Even though it is true that a motion to withdraw should be granted liberally under this standard, the defendant does not have an absolute right to withdraw his plea in all instances; instead, he still has the burden of demonstrating a proper basis for the motion. State v.Glavic (2001), 143 Ohio App.3d 583, 587.
 {¶ 34} If a defendant does not submit his motion to withdraw until after his sentence has been imposed, the burden he must carry in order to be entitled to relief becomes much more difficult. As expressly stated in Crim. R. 32.1, a post-sentence motion to withdraw a guilty plea should only be granted when a "manifest injustice" is shown to have taken place. Under this higher standard, a defendant is entitled to prevail on the motion only if the existence of extraordinary circumstances has been established. State v. Goist, 11th Dist. No. 2003-T-0135, 2004-Ohio-3926, at ¶ 5, quoting State v. Smith (1977),49 Ohio St.2d 261, 264. *Page 12 
 {¶ 35} As the moving party in a "withdrawal" exercise, the burden of proof regarding the "manifest injustice" is on the defendant. State v.Eshbaugh, 11th Dist. No. 97-T-0109, 2001-Ohio-8832, 2001 Ohio App. LEXIS 5844, *4. In deciding whether that burden has been met, the trial court has broad discretion in determining the amount of credibility and weight to be accorded to the defendant's factual statements in support of his post-sentence motion. State v. Hudach, 11th Dist. No. 2003-T-0110,2004-Ohio-6949, at ¶ 29. Similarly, the ultimate decision to grant or deny a post-sentence motion to withdraw lies within the trial court's sound discretion, and thus cannot be reversed on appeal unless it is shown that the trial court acted in an arbitrary, unconscionable or unreasonable manner. Id.
 {¶ 36} We observe that in his third motion to withdraw his guilty plea, appellant argues he was entitled to withdraw his plea due to ineffective assistance of counsel. He argues his trial counsel was ineffective because he told appellant that once he signed the written guilty plea, there was no going back. Appellant also argued that his attorney failed to investigate and develop a defense based on a lack of physical evidence. Appellant did not file any affidavit or submit any evidentiary material in support of his motion
 {¶ 37} It is immediately apparent that the grounds asserted in appellant's third motion to withdraw are virtually the same as those he asserted in support of his first motion to withdraw, which this court rejected in Combs I. Thus, the arguments asserted by appellant in his third motion to withdraw are barred by res judicata. Appellant never stated in affidavit or even argued that he was on any medication and never argued that the trial court should have asked him whether he was on medication. An appellate court *Page 13 
will not consider any error which a defendant could have but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. Awan (1986),22 Ohio St.3d 120, 122. As a result, appellant failed to preserve for appeal the argument he makes in his appellate brief regarding the voluntariness of his guilty plea and this argument is waived.
 {¶ 38} Further, it is the duty of an appellant to exemplify any alleged errors by reference to the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. The duty to provide a transcript for appellate review falls upon the appellant because he or she has the burden of showing error by reference to the record. Id. Because there is nothing in the record to support appellant's statement on appeal that he was on Prozac, we cannot consider appellant's unsupported statement asserted in his appellate brief. For this additional reason, his argument is not well taken.
 {¶ 39} Moreover, appellant's argument that the trial court should have asked him whether he was taking medication is not supported by Crim. R. 11. As this court held in Combs I:
 {¶ 40} "* * * As a general proposition, the propriety of a guilty plea will turn upon whether the defendant is making a knowing and voluntary waiver of his rights. In order to ascertain the nature of the defendant's waiver, the trial court has a duty under Crim. R. 11(C) to speak directly to him about the matter on the record. As part of this colloquy, the trial court must: (1) inform the defendant of the nature of the underlying charges and the maximum penalty possible; (2) inform him of the exact effect of entering a guilty plea; (3) inform him of the various constitutional rights he will be *Page 14 
waiving by making the plea; and (4) determine if he is acting voluntarily at that time. Eshbaugh, supra, * * *, at *5.
 {¶ 41} "In regard to the trial court's third obligation, Crim. R. 11(C) sets forth a specific list of constitutional rights that must be explained to the defendant. In interpreting this rule, the courts ofthis state have concluded that the list of rights in the rule isexclusive; as a result, a trial court is not required to inform a defendant of his limited ability to withdraw his guilty plea under Crim. R. 32.1. See, State v. Pierce (Jan. 27, 1994), 8th Dist. Nos. 64170 64171, 1994 Ohio App. LEXIS 284, *15. Based upon this, it has likewise been held that there is no requirement for a trial court to inquire concerning whether trial counsel has informed the defendant of the provisions of Crim. R. 32.1, and trial counsel does not render ineffective assistance by failing to tell the defendant that the guilty plea could be withdrawn under certain circumstances. Id.; State v.Artiaga, 6th Dist. No. OT-02-001, 2002-Ohio-5903, ¶ 25." (Emphasis added.) Combs I, at ¶ 17-18.
 {¶ 42} Additionally, we note that "a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." State v. Nero (1990),56 Ohio St.3d 106, 108, citing State v. Stewart (1977),51 Ohio St. 2d 86, 93. "The test is whether the plea would have otherwise been made."Nero, supra.
 {¶ 43} The record demonstrates that the trial court scrupulously followed the requirements of Crim. R. 11 in advising appellant of each of the rights enumerated in that rule. Since the list of matters about which the trial court must advise a defendant under Crim. R. 11 is exclusive and does not include asking the defendant if he is taking *Page 15 
medication, we hold the court did not err in not specifically asking appellant if he was taking medication. Further, the record does not demonstrate any prejudice from the court's failure to ask this question. Appellant made no attempt to show a prejudicial effect from this claimed error. There is nothing in the record to show that if the trial court had asked this question, appellant would not have plead guilty and would instead have insisted on going to trial.
 {¶ 44} Pursuant to the foregoing analysis, this court holds that appellant failed to demonstrate his guilty plea was involuntary. In light of this holding, it follows that, in regard to his motion to withdraw under Crim. R. 32.1, appellant was unable to demonstrate that a manifest injustice took place when his guilty plea was accepted. Under such circumstances, the trial court did not abuse its discretion in overruling the motion to withdraw the guilty plea.
 {¶ 45} Next, as noted, supra, appellant's argument under his tenth assigned error that the trial court erred by failing to include findings of fact and conclusions of law in its judgment entries denying his three motions to withdraw his guilty plea is also barred by res judicata. This is so because it could have been raised in a direct appeal, in CombsI, or in an appeal from the trial court's denial of his second motion to withdraw. However, even if the argument was not barred by res judicata, it would not be well taken.
 {¶ 46} In making this argument, appellant confuses the requirements for the denial of a motion for post conviction relief with those for a denial of a motion to withdraw a guilty plea. It is well settled that while R.C. 2953.21(G) requires that the trial *Page 16 
court make and file findings of fact and conclusions of law if it does not find grounds for granting post conviction relief, Crim. R. 32.1 has no such requirement.
 {¶ 47} In State ex rel. Chavis v. Griffin, 91 Ohio St.3d 50, 51,2001-Ohio-241, the Supreme Court of Ohio held:
 {¶ 48} "Finally, as courts of appeals have held, Crim. R. 32.1 does not require a court to issue findings of fact and conclusions of law when ruling on a motion to withdraw a guilty plea. See State ex rel. Wilsonv. Lanzinger, 1998 Ohio App. LEXIS 5380 (Nov. 5, 1998), Lucas App. No. L-98-1273, unreported, 1998 WL 785294; State v. Hemphill, 1989 Ohio App. LEXIS 2951 (July 27, 1989), Franklin App. No. 89AP-245, unreported,1989 WL 83574; State ex rel. Sneed v. Russo, 2000 Ohio App. LEXIS 4528 (Sept. 27, 2000), Cuyahoga App. No. 78441, unreported, 2000 WL 1429407."
 {¶ 49} Based upon this authority, a trial court, when denying a motion to withdraw a guilty plea, is not required to make and file findings of fact and conclusions of law.
 {¶ 50} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, P.J., concurs,
 COLLEEN MARY O'TOOLE, J., concurs in judgment only. *Page 1