[Cite as *State v. Kirklin*, 2013-Ohio-5840.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2013-P-0055** |
| - vs - | : | |
| DELMAR V. KIRKLIN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 88 CR 0182 A.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Delmar V. Kirklin*, pro se, PID: 201-478, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Road, Marion, OH 43302 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This is an appeal from the Portage County Court of Common Pleas. Appellant Delmar V. Kirklin filed a motion for a final appealable order asserting that he was not given a three-judge panel for determination of his guilt and imposition of his sentence in accordance with R.C. 2929.03(F), R.C. 2945.06 and Crim.R. 11(C)(3). The trial court denied the motion as without merit. For the following reasons, we affirm.

**{¶2}** In 1989 Kirklin was indicted on one count of aggravated murder, a capital offense, with three aggravating specifications; one count of kidnapping; and one count of rape. The kidnapping and rape counts each came with specifications for possession of a firearm and previous conviction of an aggravated felony. Later that year, Kirklin accepted a plea deal in front of a single judge. The terms of the plea deal, which were accepted by the trial court, had Kirklin sentenced to life with parole eligibility after 20 years for aggravated murder; a consecutive term of 3 years of actual incarceration on the gun specification; and a consecutive term of 5 to 25 years on the kidnapping count. In exchange, the state would among other things, not seek the death penalty. Kriklin did not pursue a direct appeal.

**{¶3}** In 2011, Kirklin made his first motion for a final appealable order. Within that motion Kirklin alleged that the two journal entries regarding his plea and sentence violated Crim.R. 32(C) because Crim.R. 32(C) requires only one judgment entry. The trial court denied the motion, because at the time of his conviction, a single judgment entry was not required to comply with Crim.R. 32(C). The trial court nevertheless entered a nunc pro tunc entry making the previous judgment entry into a single document to comply with Crim.R. 32(C). No appeal of that decision was filed.

**{¶4}** On May 9, 2013, Kirklin filed a second motion for a final appealable order claiming that his conviction was not final because the original trial court did not convene a three-judge panel for his plea and sentencing hearing. He also claims that when the trial court entered its nunc pro tunc entry it failed to include findings of why the aggravating circumstances did not outweigh the mitigating circumstances when imposing sentence. The trial court denied his motion. He appeals that decision, now.

2

{¶5} As his sole assignment of error, Kirklin alleges that:

{¶6} "Trial Court erred in not convening a Three-Judge panel and making separate findings pursuant to Ohio Revised Code 2929.03(G), 2945.06, and Ohio Criminal Rule 11(C)(3)."

{¶7} Within this assignment of error, Kirklin makes two arguments. He first argues that determination of his guilt and sentence by a single judge violates R.C. 2945.06 and therefore deprived the court of jurisdiction to enter a final order. R.C. 2945.06 states in relevant part that:

{¶8} "If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly."

{¶9} The Ohio Supreme Court, however, has held that a violation of R.C. 2945.06 can only be remedied on direct appeal of the conviction and sentence. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980; *Kirklin v. Enlow*, 89 Ohio St.3d 455 (2000). Accordingly, this argument is without merit.

{¶10} Kirklin also argues that the trial court erred by failing to make specific findings pursuant to R.C. 2929.03(F). R.C. 2929.03(F), at the time of Kirklin's sentence, stated in pertinent part: "The court or panel, when it imposes life imprisonment or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment *under division (D) of this section*, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was

3

found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors."

{¶11} Subsection (D) of R.C. 2929.03 requires a mitigation hearing where there is a possibility of the death penalty of being imposed. Where there is not a mitigation hearing, because of guilty plea for instance, R.C. 2929.03(F) does not apply. As Kirklin pleaded guilty and was sentenced to life, a mitigation hearing was not required and never conducted. Therefore R.C. 2929.03(F) does not apply. *State v. Melton*, 8th Dist. Cuyahoga No. 96621, 2011-Ohio-5929, ¶13.

{¶12} Accordingly, Kirklin's sole assignment of error is without merit.

{¶13} The judgment of the Portage County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.

_____


COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.

{¶14} I respectfully dissent. It would appear that Mr. Kirklin, rightly or wrongly, has been denied his constitutional right to have his case heard on direct appeal and reviewed by this court in that capacity.

{¶15} The Rules of Appellate Procedure are meant to provide a framework for the orderly disposition of appeals. *In re Beck,* 7th Dist. Belmont No. 00 BA 52, 2002-Ohio- 3460, ¶29. However, "'[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds.'" *Id.* at ¶ 28, quoting *DeHart v. Aetna Life*

4

*Ins. Co.,* 69 Ohio St.2d 189, 193 (1982). The Supreme Court of Ohio has instructed the lower courts of this state that cases are to be decided on the merits, and that the various rules of court are to be applied so as to achieve substantial justice. Cf. *State ex rel. Lapp Roofing & Sheet Metal Co., Inc. v. Indus. Comm.,* 117 Ohio St.3d 179, 2008-Ohio-850, ¶12; *DeHart* at 192. Consequently, strict adherence to the appellate rules must yield when a procedural error is inadvertent, and a party or counsel acted in good faith. Cf. *Beck* at ¶29.

{¶16} This writer realizes that the original sentence was not directly appealed, and that Mr. Kirklin, has been representing himself pro se and has spent the last 20 years attempting to collaterally attack that judgment entry.

{¶17} The Constitution must be accessible to all litigants. The rules cannot be so complex as to prohibit indigent prisoners from being constantly denied, on procedural deficiencies, his or her right to a review of their sentence.

{¶18} Thus, for instance the Staff Note to the 1994 Amendment to App.R. 5(A) (concerning delayed appeals) indicates that the rule is to be given a flexible, liberal interpretation. Prior to the amendment, defendants were required to set forth the errors claimed and evidence relating to the claimed errors. *Id.* The amendment merely retained the requirement that the would-be appellant set forth his or her reasons for the delay. *Id.* Explaining, the author's expressed concern on two issues: (1) that excessively complex rules are fundamentally unfair to indigent and unrepresented criminal defendants; and (2) that these same complexities give rise to repeated attacks, collateral or otherwise, upon judgments, thus destroying judicial economy.

{¶19} The rules and finality of judgments are integral concepts to our justice system. However, judicial economy, fairness, and our Constitution require appellate courts to review judgments of lower courts on their merits. This position not only is constitutionally mandated, but is also the statutory duty of the courts of appeals to the tax-paying public who are paying to house these defendants.

{¶20} It is increasingly important to insure that prison sentences are both accurate and in compliance with the law for all stakeholders involved. Therefore, I would allow the appeal in this case.

{¶21} I respectfully dissent.