[Cite as *State v. Kirklin*, 2021-Ohio-896.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-P-0040** |
| DELMAR V. KIRKLIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 1988 CR 0182 A.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Delmar V. Kirklin*, pro se, A201-478, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, Ohio 43302 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}     Appellant, Delmar V. Kirklin, appeals the judgment denying his motion to correct or dismiss a void sentencing entry.  For the following reasons, we affirm.

{¶2}     "In 1989 Kirklin was indicted on one count of aggravated murder, a capital offense, with three aggravating specifications; one count of kidnapping; and one count of rape. The kidnapping and rape counts each came with specifications for possession of a firearm and previous conviction of an aggravated felony.  Later that year, Kirklin accepted

a plea deal in front of a single judge. The terms of the plea deal, which were accepted by the trial court, had Kirklin sentenced to life with parole eligibility after 20 years for aggravated murder; a consecutive term of 3 years of actual incarceration on the gun specification; and a consecutive term of 5 to 25 years on the kidnapping count. In exchange, the state would among other things, not seek the death penalty. Kirklin did not pursue a direct appeal." *State v. Kirklin*, 11th Dist. Portage No. 2013-P-0055, 2013-Ohio-5840, ¶ 2.

{¶3} Kirklin's August 19, 2019 motion, which is the subject of this appeal, contends his guilty plea should be vacated because the trial court did not comply with Crim.R. 11(C)(2)(3) when it accepted his guilty plea and failed to state the mode of conviction as required by Crim.R. 32(C). He claims the trial court improperly attempted to correct its errors via an April 20, 2011 nunc pro tunc judgment. Kirklin likewise did not file a direct appeal from the nunc pro tunc entry. *Id*. at ¶ 3.

{¶4} The trial court overruled his motion on September 20, 2019, and we granted Kirklin leave to file a delayed appeal. His sole assigned error contends:

{¶5} "The trial court committed [prejudicial] error when the court failed to comply with Criminal Rule 11(C) [where] the defendant [sic] guilty plea was not entered voluntary, knowingly and intelligent in violation of the defendant [sic] United States Constitutional rights amendments 5, 6, and 14."

{¶6} Kirklin argues his 1989 guilty plea should be vacated because the trial court failed to comply with Crim.R. 11(C). Specifically, Kirklin contends the trial court failed to inform him of the consequences of his plea and that his sentences could be run consecutively. As stated, however, he did not file a direct appeal from either judgment.

{¶7}   Any claimed failure to comply with Crim.R. 11(C) would render the judgment voidable, not void.   *See State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26, citing *State v. Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12, 21 ("when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void"). And because Kirklin could have raised his argument that the trial court failed to comply with Crim.R. 11(C)(2) on direct appeal, it is now barred by the doctrine of res judicata. *Id.*, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28 ("Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal.").

{¶8}   "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. In other words, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶9}   "Res judicata is applicable to issues asserted in a post-sentence motion to withdraw a guilty plea; i.e., if an issue could have been reviewed in a direct appeal from the sentencing judgment, it is barred from consideration in a post-sentence motion." *State v. Reyes*, 11th Dist. Portage No. 2016-P-0010, 2016-Ohio-5673, ¶ 14, citing *State v. Curry*, 11th Dist. Ashtabula No. 2014-A-0056, 2015-Ohio-1768, ¶ 8.   "This court has expressly followed the doctrine when the defendant has used a post-sentence motion to

3

withdraw as a means of challenging the trial court's compliance with Crim.R. 11(C) in the taking of the guilty plea." *Id.*, citing *State v Lorenzo*, 11th Dist. Lake No. 2007-L-085, 2008-Ohio-1333, ¶ 21 and *State v. Combs*, 11th Dist. Portage No. 2007-P-0075, 2008-Ohio-4158, ¶ 30. *Accord State v. Walker*, 11th Dist. Trumbull No 2018-T-0024, 2018-Ohio-3964, ¶ 23.

{¶10} Accordingly, Kirklin's argument is barred by res judicata because he could have but failed to raise the alleged error on direct appeal.

{¶11} Kirklin's sole assigned error lacks merit, and the trial court's decision is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.