[Cite as *State v. Kirklin*, 2022-Ohio-435.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0089 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| DELMAR V. KIRKLIN, | |
| Defendant-Appellant. | Trial Court No. 1988 CR 00182 A |

**O P I N I O N**

Decided: February 14, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Delmar V. Kirklin,* pro se, PID# A201-478, Marion Correctional Institution, P.O. Box 57, Marion, OH 43301(Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Delmar V. Kirklin, appeals the judgment denying his post-sentence motion to withdraw his plea. We affirm.

{¶2} In a prior appeal, we set forth the relevant procedural history as follows:

In 1989 Kirklin was indicted on one count of aggravated murder, a capital offense, with three aggravating specifications; one count of kidnapping; and one count of rape. The kidnapping and rape counts each came with specifications for possession of a firearm and previous conviction of an aggravated felony. Later that year, Kirklin accepted a plea deal in front of a single judge. The terms of the plea deal, which were accepted by the trial court, had Kirklin sentenced to life with parole eligibility after 20 years for

aggravated murder; a consecutive term of 3 years of actual incarceration on the gun specification; and a consecutive term of 5 to 25 years on the kidnapping count.

*State v. Kirklin*, 11th Dist. Portage No. 2013-P-0055, 2013-Ohio-5840, ¶ 2. In exchange, the state agreed it would move to dismiss the rape count and the remaining specifications, and it would not seek the death penalty. Kirklin did not pursue a direct appeal. *Id.*

{¶3} In 2019, Kirklin filed a "motion to correct/dismiss a void sentencing judgment entry in the entitled case Crim.R.11(C)(2)(3), Crim.R. 32(C), Crim.R. 36." In his motion, Kirklin argued, in part, that the trial court failed to comply with Crim.R. 11(C) prior to accepting his plea. In a judgment entry dated September 20, 2019, the trial court denied the motion. Kirklin untimely appealed the judgment, and we dismissed the appeal. *State v. Kirklin*, 11th Dist. Portage No. 2019-P-0107, 2019-Ohio-5416. Thereafter, Kirklin sought leave to file a delayed appeal of the September 2019 judgment entry, which we granted. Subsequently, we affirmed the trial court's judgment. *State v. Kirklin*, 11th Dist. Portage No. 2020-P-0040, 2021-Ohio-896, *appeal not allowed*, 164 Ohio St.3d 1421, 2021-Ohio-2923, 172 N.E.3d 1049.

{¶4} In 2021, Kirklin moved to withdraw his plea, arguing that the trial court failed to comply with Crim.R. 11(C) when accepting his plea, preventing him from entering a knowing, intelligent, and voluntary plea and creating a manifest injustice. The trial court overruled Kirklin's motion without hearing, concluding that it found "no evidence based upon Defendant's motion that his pleas were not entered into intelligently, knowingly and voluntarily," and further finding "no manifest injustice."

{¶5} Kirklin assigns the following error:

2

Case No. 2021-P-0089

{¶6} "The trial court committed prejudice error by accepting the defendant guilty plea that was entered knowingly, voluntarily, and intelligent given in violation of the defendant united states constitutional r[i]ghts to due process amendment 14[.]" (Sic.)

{¶7} First, although the trial court overruled Kirklin's present motion on its merits, in his appeal of the trial court's judgment denying his September 2019 motion, we held:

> "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. In other words, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.
>
> "Res judicata is applicable to issues asserted in a post-sentence motion to withdraw a guilty plea; i.e., if an issue could have been reviewed in a direct appeal from the sentencing judgment, it is barred from consideration in a post-sentence motion." *State v. Reyes*, 11th Dist. Portage No. 2016-P-0010, 2016-Ohio-5673, ¶ 14, citing *State v. Curry*, 11th Dist. Ashtabula No. 2014-A-0056, 2015-Ohio-1768, ¶ 8. "This court has expressly followed the doctrine when the defendant has used a post-sentence motion to withdraw as a means of challenging the trial court's compliance with Crim.R. 11(C) in the taking of the guilty plea." *Id.*, citing *State v. Lorenzo*, 11th Dist. Lake No. 2007-L-085, 2008-Ohio-1333, ¶ 21 and *State v. Combs*, 11th Dist. Portage No. 2007-P-0075, 2008-Ohio-4158, ¶ 30. *Accord State v. Walker*, 11th Dist. Trumbull No 2018-T-0024, 2018-Ohio-3964, ¶ 23.

*Kirklin*, 2021-Ohio-896, at ¶ 8-9. Accordingly, we held that "because Kirklin could have raised his argument that the trial court failed to comply with Crim.R. 11(C)(2) on direct appeal, it is now barred by the doctrine of res judicata." (Citations omitted.) *Id.* at ¶ 7.

{¶8} In his 2021 motion, Kirklin again maintained that the trial court failed to comply with Crim.R. 11(C). As with his September 2019 motion that Kirklin partially

3

premised on similar grounds, the doctrine of res judicata precludes review, as Kirklin could have raised his arguments on direct appeal. Therefore, the judgment of the trial court is properly affirmed on this basis alone.

{¶9} Nonetheless, because the trial court reached the merits of the motion by determining that Kirklin failed to demonstrate (1) that he did not knowingly, intelligently, and voluntarily enter his plea or (2) that a manifest injustice required correction, and the parties have not briefed the issue of the application of res judicata, we proceed to review the judgment on the merits of the motion.

{¶10} Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A "manifest injustice" refers to a "clear or openly unjust act." (Citation omitted.) *State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶ 12.

> "We review a trial court's decision to grant or deny a post sentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1 for abuse of discretion. *State v. Wilkey*, 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶ 21. Regarding this standard, we recall the term 'abuse of discretion' is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678, * * * (1925). An abuse of discretion may be found when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.' *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720 [892 N.E.2d 454], ¶ 15 (8th Dist.)."

*State v. Massey*, 2017-Ohio-706, 86 N.E.3d 30, ¶ 7 (11th Dist.), quoting *State v. Banks*, 11th Dist. Lake No. 2015-L-128, 2016-Ohio-4925, ¶ 7.

4

Case No. 2021-P-0089

{¶11} "While a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced the defendant." *State v. Gibson*, 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶ 32, quoting *State v. Wilkey*, 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶ 25, citing *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus. "In those situations where the trial court must consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea." *Gibson* at ¶ 32, quoting *Wilkey* at ¶ 25. "'Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice.'" *Gibson* at ¶ 33, quoting *Wilkey* at ¶ 25, citing *State v. Patterson*, 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶ 20, citing *State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564, ¶ 8.

{¶12} Here, Kirklin maintains that his affidavit in support of his motion to withdraw his plea set forth operative facts entitling him to relief. In his affidavit, Kirklin averred that the trial court failed to inform him of the rights he was waiving prior to accepting his plea in accordance with Crim.R. 11(C)(2), which provides:

> In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

5

Case No. 2021-P-0089

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*See also* former Crim.R. 11(C) (effective July 1, 1980) (setting forth substantially the same colloquy requirements as set forth in the current version of the rule).

{¶13} Further, Kirklin averred that he attempted to obtain a copy of the transcript from the change of plea hearing but was informed that no transcript could be prepared because the hearing notes from the court reporter that served in 1989 were not available for transcription.

{¶14} Thus, Kirklin filed his motion to withdraw his plea over thirty years after having entered it, and his contention that the plea colloquy was insufficient is supported only by his affidavit. Kirklin's recollection that the trial court did not advise him of the rights he was waiving is directly contrary to the trial court's April 21, 1989 journal entry accepting Kirklin's plea. Therein, the trial court stated that Kirklin appeared in court with his counsel. The entry thereafter provides:

> The Court finds that the Defendant is making his guilty plea voluntarily, with the understanding of the nature of the charge and of the maximum penalty involved; that the Defendant's attorney and the Court have informed the Defendant and the Defendant understands the effect of his plea of Guilty and that the Court upon acceptance of his plea may proceed with judgment and sentence; that the Defendant's attorney and the Court have informed the Defendant of and the Defendant

6

understands that by his plea of Guilty he is waiving his rights to jury trial, to trial before the Court, to confront the witnesses against him, to have compulsory process for obtaining witnesses in his favor, to require the State to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself, and the right to appeal.

{¶15} Under the circumstances of this case, because the record belies Kirklin's allegations as set forth in his affidavit and because the significant passage of time has resulted in the unavailability of a transcript, Kirklin has not demonstrated on appeal that the trial court abused its discretion in overruling his motion without a hearing. Accordingly, Kirklin's sole assigned error lacks merit.

{¶16} The judgment is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.