[Cite as *State v. Kirklin*, 2024-Ohio-406.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

DELMAR V. KIRKLIN,

        Defendant-Appellant.

CASE NO. 2023-P-0043

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 1988 CR 00182 A

---

**O P I N I O N**

Decided: February 5, 2024
Judgment: Affirmed

---

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Delmar V. Kirklin*, pro se, PID# A201-478, Marion Correctional Institution, 940 Marion-Williamsport Road, E., P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Delmar V. Kirklin, appeals the judgment of the Portage County Court of Common Pleas, denying his pro se motion to Dismiss the Conviction and Resentence the Defendant. We affirm.

{¶2} In 1989, appellant was indicted on one count of aggravated murder, a capital offense, with three aggravating specifications; one count of kidnapping; and one count of rape. The kidnapping and rape counts each came with specifications for possession of a firearm and previous conviction of an aggravated felony. *See State v. Kirklin*, 11th Dist. Portage No. 2013-P-0055, 2013-Ohio-5840, ¶ 2. Appellant

subsequently accepted a plea offer (which was also accepted by the trial court) the terms of which included appellant receive a sentence to life with parole eligibility after 20 years for aggravated murder; a consecutive term of 3 years of actual incarceration on the gun specification; and a consecutive term of 5 to 25 years on the kidnapping count. *Id.* In exchange for accepting the plea, the state would, among other things, not seek the death penalty. *Id.* Appellant did not pursue a direct appeal.

{¶3} In 2011, appellant filed a motion asserting that the two journal entries regarding his plea and sentence violated Crim.R. 32(C) because Crim.R. 32(C) requires only one judgment entry. *Kirklin* at ¶ 3. The trial court denied the motion, because at the time of his conviction, a single order was not required to comply with Crim.R. 32(C). *Kirklin*, at ¶ 3. The trial court nevertheless entered a nunc pro tunc entry merging the previous judgment entry into a single document to comply with Crim.R. 32(C). *Kirklin* at ¶ 3. Again, no appeal of that decision was filed. *Id.*

{¶4} In May 2013, appellant filed a second motion claiming that his conviction was not final because the original trial court did not convene a three-judge panel for his plea and sentencing hearing. *Id.* at ¶ 4. He also asserted that when the trial court entered its nunc pro tunc entry, it failed to include findings of why the aggravating circumstances did not outweigh the mitigating circumstances when entering sentence. *Id.* The trial court denied his motion. Appellant filed an appeal and this court affirmed the trial court. *Id.* at ¶ 1, 11.

{¶5} In August 2019, appellant filed a motion asserting his guilty plea should be vacated because the trial court did not comply with Crim.R. 11(C)(2) and additionally failed to comply with Crim.R. 32(C). *See State v. Kirklin*, 11th Dist. Portage No. 2020-P-

2

0040, 2021-Ohio-896, ¶ 3. Appellant asserted the trial court improperly attempted to correct errors in the April 2011 judgment via a nunc pro tunc judgment. *Id.* As noted above, appellant did not appeal that judgment. The trial court denied appellant's motion and, on appeal, this court concluded appellant's argument was barred by res judicata. *Id.* at ¶ 7-10.

{¶6} In 2021, appellant filed a post-sentence motion seeking to withdraw his guilty plea under Crim.R. 32.1, claiming he did not enter the plea knowingly, voluntarily, or intelligently. *State v. Kirklin*, 11th Dist. Portage No. 2021-P-0089, 2022-Ohio-435, ¶ 4. The trial court denied the motion finding no manifest injustice. *Id.* This court affirmed the trial court concluding res judicata supported the underlying judgment and that appellant's motion had no merits. *Id.* at 418, ¶ 15.

{¶7} On May 30, 2023, appellant filed the motion at issue in this appeal. He claimed that the trial court should dismiss the previous entries as void because the judgment was not a final, appealable order due to its failure to comply with former Crim.R. 32(B). Appellant asserted that nowhere in the trial court's judgment of conviction did it state appellant entered a plea of guilty to the offenses at issue. The state filed a response asserting appellant's arguments could have been raised in a previous appeal. The trial court denied appellant's motion and this appeal followed. He assigns the following as error:

{¶8} "The trial court committed prejudic[ial] error, when the court fail[ed] to strictly comply with Ohio Law Criminal Rule 32(B) that rendered the trial court['s] APRIL 21[,] 1989 judgment of conviction void and not a final appealable order for the purpose of R.C.

3

2505.02 in violation of the defendant['s] * * * constitutional rights[,] [A]mendment 14." (Emphasis sic.)

{¶9} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Put differently, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶10} "Res judicata is applicable to issues asserted in a post-sentence motion to withdraw a guilty plea; i.e., if an issue could have been reviewed in a direct appeal from the sentencing judgment, it is barred from consideration in a post-sentence motion." *State v. Reyes*, 11th Dist. Portage No. 2016-P-0010, 2016-Ohio-5673, ¶ 14, citing *State v. Lorenzo*, 11th Dist. Lake No. 2007-L-085, 2008-Ohio-1333, ¶ 21. Res judicata "'bars claims raised in a Crim.R.32.1 post-sentence motion to withdraw [a] guilty plea that were raised or *could have been raised* in prior proceedings.'" *Id.* at ¶ 20, citing *State v. Young,* 4th Dist. No. 03CA782, 2004–Ohio–2711, 2004 WL 1172870, at *1; *accord State v. Combs*, 11th Dist. Portage No. 2007-P-0075, 2008-Ohio-4158, ¶ 30.

{¶11} We recognize that appellant's motion argued that the original judgment of conviction was "void" for an alleged failure to comply with aspects of Crim.R. 32. Nevertheless, appellant had an opportunity to challenge the trial court's action in his previous motions. He did not do so.

Case No. 2023-P-0043

{¶12} In *State ex rel. Newell v. Gaul*, 135 Ohio St.3d 187, 2013-Ohio-68, 985 N.E.2d 463, ¶ 2, the Supreme Court of Ohio held that the failure to challenge an alleged Crim.R. 32(C) violation, the corollary provision of former Crim.R. 32(B), in a mandamus action previously filed barred the argument in a subsequent action by operation of res judicata. Similarly, after the trial court entered its nunc pro tunc judgment in 2011, appellant had filed several motions relating to his conviction. He did not raise the issue in any of these motions. And, although appellant claims his conviction is void due to the alleged failure to comply with the criminal rules in the original judgment on conviction, he cites no authority for this proposition. We therefore conclude that, by operation of *Gaul*, appellant's argument is barred by res judicata. *See also State ex rel. Woods v. Dinkelacker*, 152 Ohio St.3d 142, 2017-Ohio-9124, 93 N.E.3d 965, ¶ 7 ("[R]es judicata bars him from raising his claim that the entry did not comply with Crim.R. 32.").

{¶13} Appellant's assignment of error lacks merit.

{¶14} For the reasons set forth above, the judgment of the Portage County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2023-P-0043