OPINION
{¶ 1} Defendant-appellant, Daniel A. Lorenzo, appeals the judgment entry of sentence, following his voluntary plea of guilty in the Lake County Court of Common Pleas to one count of Operating a Vehicle Under the Influence of Alcohol, a felony of the fourth degree, in violation of R.C. 4511.19(A)(1)(a), with an associated repeat OVI offender specification, as set forth in R.C. 2941.1413. The trial court sentenced Lorenzo to a total of two years in prison, with credit for six days time served, following his plea of guilty to the aforementioned charges. The one year sentence imposed for the repeat OVI specification was ordered to be served consecutively with the sentence for the underlying OVI charge.
 {¶ 2} Lorenzo timely appealed, assigning the following as error:
 {¶ 3} "Consecutive sentences pursuant to R.C. 4511.19 and R.C. 2929.13(G)(2) are not mandatory and the trial court erred in [sic] to the Appellant's prejudice by imposing a consecutive sentence."
 {¶ 4} Although we agree, as a general proposition, that consecutive sentences are not mandatory in all circumstances, we note, and Lorenzo concedes, that he pled guilty and was sentenced pursuant to the repeat OVI offender specification contained in R.C. 2941.1413. That statute provides for "[i]mposition of amandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section2929.13 of the Revised Code" when the indictment charges a felony violation of R.C. 4511.19 and specifies that "the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses." (Emphasis added).
 {¶ 5} R.C. 2929.13(G)(2), in turn, provides, "if the offender is being sentenced to a fourth degree felony OVI offense and * * * if the offender * * * also pleads guilty to a specification of the type described in section 2941.143 of the Revised Code * * * [t]he offender shall serve the * * *prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense." (Emphasis added).
 {¶ 6} On the basis of the above-quoted language, we conclude that the imposition of an additional prison term for repeat OVI offenders under R.C. 2941.1413 is mandatory and the additional prison term must be served consecutively with the prison term imposed for the underlying offense. Since the trial court has complete discretion to determine the length of this additional mandatory prison term and is not required to engage in "judicial factfinding" as was prohibited in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, we find no error in the trial court's imposition of this additional sentence.
 {¶ 7} Lorenzo's sole assigned error is without merit.
 {¶ 8} We affirm the judgment of the Lake County Court of Common Pleas.
Donald R. Ford, P.J., Cynthia Westcott Rice, J. concur.