OPINION
{¶ 1} Appellant, Daniel A. Lorenzo, appeals the judgment of the Lake County Court of Common Pleas, denying his motion to vacate and/or withdraw his guilty plea pursuant to Crim.R. 32.1 and Crim.R. 11(C)(2). For the reasons that follow, we affirm the judgment of the lower court.
 {¶ 2} On May 6, 2005, appellant was indicted on two counts of Operating a Vehicle Under the Influence of Alcohol or Drugs, felonies of the fourth degree, in violation of R.C. 4511.19(A)(1)(a) and (A)(2). Both counts included a repeat OVI *Page 2 
offender specification, pursuant to R.C. 2941.1413. A public defender was appointed to represent him. Appellant waived his right to be present at arraignment and entered pleas of not guilty to the charges.
 {¶ 3} The matter was set for trial on July 12, 2005. Appellant requested, and was granted, two motions for continuance of his trial for the reason that he needed more time to retain private counsel. A trial date was subsequently set for July 26, 2005. On that date, appellant appeared before the trial court, and made an oral request for continuance, because he had expressed some misgivings about entering a plea based upon the advice of his attorney and because he wanted to further explore the possibility of retaining private counsel. The trial court again continued the matter, scheduling trial for August 9, 2005.
 {¶ 4} On August 3, 2005, appellant filed a motion to dismiss the repeat OVI offender specifications, on the basis that the specifications violated his constitutional rights against double jeopardy. The state filed its response to appellant's motion on August 12, 2005. The trial court denied appellant's motion on August 31, 2005.
 {¶ 5} On September 23, 2005, appellant appeared before the trial court and, following a hearing, entered a written plea of guilty to one count of Operating a Vehicle Under the Influence of Alcohol, a felony of the fourth degree, in violation of R.C. 4511.19(A)(1)(a), along with the specification, pursuant to R.C. 2941.1413, that he had previously been convicted of, or pled guilty to committing five or more OVI offenses within the last twenty years prior to the instant offense.
 {¶ 6} On October 24, 2005, after having referred the matter to the Lake County Adult Probation Department, for the preparation of a Drug and Alcohol Evaluation and a pre-sentence investigation report, the trial court sentenced appellant to two years in *Page 3 
prison, with credit for six days time served for the underlying offense, plus one year in prison, to be served consecutive to the underlying OVI charge for the repeat offender specification. In addition, the trial court imposed a fine of $1,000.00.
 {¶ 7} Appellant timely appealed to this court, raising only the issue of the trial court's imposition of consecutive sentences. State v.Lorenzo, 11th Dist. No. 2005-L-190, 2006-Ohio-4668, at ¶ 3.
 {¶ 8} On July 31, 2006, while the aforementioned appeal was pending before this court, appellant petitioned the trial court for post-conviction relief pursuant to R.C. 2953.21, along with a motion to appoint counsel. On August 3, 2006, the state filed a motion to dismiss appellant's petition. Appellant filed a motion in opposition on August 10, 2006. On August 18, 2006, the trial court dismissed appellant's petition for post-conviction relief as untimely.
 {¶ 9} On September 11, 2006. this court issued its judgment on appellant's appeal of his sentence, finding appellant's argument to be without merit and affirming the lower court. Id. at ¶¶ 7-8.
 {¶ 10} On February 23, 2007, exactly eighteen months after the entry of his guilty plea, appellant filed a pro se motion to vacate and/or withdraw his prior guilty plea to the charges with the trial court and requested a hearing on the motion. The state filed its response to appellant's motion on March 12, 2007, and appellant subsequently filed a reply brief.
 {¶ 11} On April 16, 2007, the trial court issued its judgment denying appellant's motion without hearing.
 {¶ 12} Appellant timely appealed pro se from the aforementioned judgment, assigning the following as error for our review: *Page 4 
 {¶ 13} "[1.] The defendant was denied due process of law, in violation of the 5th, 6th, and 14th Amendments of the United States Constitution Article 1, Section 10 of the Ohio Constitution when his conviction was obtained based upon state misconduct (false evidence), uncounseled prior conviction[s] unconstitutional interpretation of state statutes.
 {¶ 14} "[2.] The trial court abused its discretion when it denied Mr. Lorenzo's motion to withdraw his guilty plea without granting request for evidentiary hearing where the record revealed that a manifest injustice resulted from 1) ineffective assistance of trial counsel, [and] 2) improper participation of [the] trial court judge in [the] plea negotiation process.
 {¶ 15} "[3.] The trial court committed reversible error in accepting appellant's guilty plea without informing him prior to that plea that he would be waiving the right to appeal the denial of his pretrial motion to dismiss based upon double jeopardy, in violation of [Criminal] Rule 11(c)(2)(a).
 {¶ 16} "[4.] The trial court abused its discretion to the prejudice of the appellant when it failed to correctly inform him specifically of the maximum statutory penalty faced as a result of his plea failure to enforce the Ohio Supreme Court Mandate in State v. Foster (2006),109 Ohio St.3d 1, 845 N.E.2d 470."
 {¶ 17} For ease of discussion, we will address appellant's assignments of error in a consolidated fashion.
 {¶ 18} In his first assignment of error, appellant contends the state's use of his prior misdemeanor OVI convictions resulting from "no contest" pleas he purportedly made without counsel to obtain an indictment and conviction for the current charges was improper, since the state made no showing that his prior waiver of counsel was *Page 5 
knowing, intelligent and voluntary. Appellant argues that the state's alleged actions rendered him incapable of making a "knowing, intelligent and voluntary" plea to the current charges. In his second assignment of error, appellant asserts the ineffective assistance of his trial counsel, along with the trial court's improper "involvement" in the plea process related to the instant charges, rendered his guilty plea infirm. In his third assignment of error, appellant argues his plea was not entered into knowingly, voluntarily and intelligently, since the court failed to comply with Crim.R. 11(C)(2). We find no merit in appellant's contentions. In his fourth assignment of error, appellant raises two arguments under the guise of "sentencing" errors. Appellant first argues that he was entitled to a withdrawal of his plea, since the trial court misinformed him of the possible maximum statutory punishment for the charges against him and never asked "whether appellant understood what his actual punishment would be before accepting his plea."
 {¶ 19} In the case sub judice, appellant filed his motion to withdraw his guilty plea on February 23, 2007, exactly eighteen months after his plea was entered and his sentence was imposed, and five months after we decided his appeal related to sentencing. Accordingly, his "post-appeal motion to withdraw his guilty plea is barred by the doctrine of res judicata." State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070,2006-Ohio-6695, at ¶ 11.
 {¶ 20} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." Id. at ¶ 12, *Page 6 
quoting State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, at syllabus. "This doctrine bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw [a] guilty plea that were raised or could have beenraised in prior proceedings." State v. Young, 4th Dist. No. 03CA782,2004-Ohio-2711, 2004 Ohio App. LEXIS 2404, at *5 (citations omitted) (emphasis sic); accord, State v. McDonald, 11th Dist. No. 2003-L-155,2004-Ohio-6332, at ¶ 22.
 {¶ 21} As previously stated, appellant raised issues related to sentencing in his prior appeal. Since issues related to the entry of his guilty plea could have been raised at that time, he is now barred from raising them now. See Green, 2006-Ohio-6695, at ¶ 13. Since we addressed the sentencing issues in his prior appeal, these are, likewise, res judicata.
 {¶ 22} Appellant's first, second, third, and fourth assignments of error are without merit.
 {¶ 23} We affirm the judgment of the Lake County Court of Common Pleas. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1