[Cite as *State v. Walker*, 2016-Ohio-8521.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0034** |
| TASHAWN L. WALKER (a.k.a. "BOO"), | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CR 00812.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*William B. Norman* and *Ziad K. Tayeh,* Norman & Tayeh, LLC, 11509 Lorain Avenue, Cleveland, OH 44111 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, TaShawn Walker, appeals from the Judgment Entry of the Trumbull County Court of Common Pleas, denying his Motion to Withdraw Guilty Plea. The issue to be determined by this court is whether a post-sentence motion to withdraw a guilty plea is properly denied when the record does not show whether trial counsel's advice that a self-defense claim would "not be viable" was inaccurate or

amounted to ineffective assistance of counsel. For the following reasons, we affirm the decision of the court below.

{¶2} On November 13, 2013, Walker was indicted by the Trumbull County Grand Jury for Aggravated Murder, an unclassified felony, in violation of R.C. 2903.01(A), with an accompanying Firearm Specification in violation of R.C. 2941.145; Carrying Concealed Weapons, a felony of the fourth degree, in violation of R.C. 2923.12(A)(2) and (F)(1); and Improperly Handling Firearms in a Motor Vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B) and (I).

{¶3} On July 20, 2015, a Finding on Guilty Plea to the Amended Indictment was filed. Walker entered a plea of guilty to an amended count of Involuntary Manslaughter, a felony of the first degree, in violation of R.C. 2903.04(A) and (C) with a Firearm Specification, as well as Carrying Concealed Weapons and Improperly Handling Firearms in a Motor Vehicle as charged in the Indictment.[1]

{¶4} A sentencing hearing was held on the same date and an Entry on Sentence was filed on July 28, 2015. Walker was ordered to serve a term of 11 years in prison for Involuntary Manslaughter, three years on the firearm specification, and 18 months on each of the remaining two counts. All terms were ordered to be served consecutively for a total prison term of 17 years.

{¶5} On March 2, 2016, Walker filed a Motion to Withdraw Guilty Plea, in which he argued, inter alia, that trial counsel was ineffective by incorrectly advising him that self-defense was not a viable defense, which led to his decision to enter a guilty plea.

---

1. Although a transcript of the plea hearing was not filed by Walker, the transcript attached to the State's opposition to Walker's Motion to Withdraw Guilty Plea indicates that the State would have proven at trial that Walker had a confrontation with the victim and "opened fire," killing him. While Walker's brief discusses the "facts," these are taken from a factual summary written by Walker in his Motion to Withdraw Guilty Plea and are not otherwise part of the record.

2

In an attached affidavit, he stated that he would not have entered a plea "if it wasn't for counsel's incorrect advice that self defense is not a viable defense."

{¶6} The State filed a Response on March 3, 2016, arguing that Walker did not present evidence showing counsel was ineffective.

{¶7} On March 14, 2016, the trial court issued a Judgment Entry denying the Motion to Withdraw Guilty Plea.

{¶8} Walker timely appeals and raises the following assignment of error:

{¶9} "The trial court erred in denying appellant's motion to withdraw his guilty plea without conducting a hearing where appellant's guilty plea was not knowingly and voluntarily entered as a result of ineffective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution, and Section 10, Article I of the Ohio Constitution."

{¶10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "The phrase 'manifest injustice' has been 'variously defined,' however, 'it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.'" (Citation omitted.) *State v. Wise*, 11th Dist. Trumbull No. 2012-T-0028, 2012-Ohio-4896, ¶ 13, quoting *Conneaut v. Donofrio*, 11th Dist. Ashtabula No. 2008-A-0072, 2009-Ohio-2947, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶11} "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *Smith* at

3

paragraph one of the syllabus. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at paragraph two of the syllabus; *State v. Pough*, 11th Dist. Trumbull No. 2010-T-0117, 2011-Ohio-3630, ¶ 15 (a trial court's denial of a motion to withdraw a guilty plea is reviewed pursuant to an abuse of discretion standard) (citation omitted).

{¶12} "In those situations where the trial court must consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea." (Citation omitted.) *State v. Gibson*, 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶ 32. "[A] trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." (Citation omitted.) *State v. Caskey*, 11th Dist. Lake No. 2010-L-014, 2010-Ohio-4697, ¶ 11.

{¶13} Walker argues that the trial court erred by failing to hold a hearing to determine "the veracity of Appellant's claim that his guilty plea was rendered constitutionally infirm on the basis of ineffective assistance of counsel," since trial counsel was ineffective by advising him that self-defense was "not viable."

{¶14} The State argues that trial counsel was effective, which was evidenced by Walker's expressed satisfaction during the plea and sentencing process.

{¶15} To demonstrate ineffective assistance of counsel, Walker must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2)

4

that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶16} We initially note that in the present matter, the support for Walker's contention that trial counsel was ineffective comes primarily from his own statement of the facts in his Motion and the attached affidavit in which he swears that he would not have entered a plea but for counsel's improper advice. "Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice." (Citations omitted.) *State v. Kirschenmann*, 11th Dist. Portage Nos. 2014-P-0031 and 2014-P-0032, 2015-Ohio-3544, ¶ 15. However, even accepting the facts as alleged in Walker's Motion as true, a hearing to determine whether to allow withdrawal of the plea was not warranted.

{¶17} In his Motion, Walker described that, on the night in question, at a gas station, he approached an acquaintance, McKinney, who pulled a gun on him, a fact Walker contends is supported by video evidence. Walker began to walk away, and another individual, Rollison, pulled his gun and accused Walker of breaking into his house. After an exchange of words, Walker departed, shots began to be fired, and Walker returned fire. Walker contends that, based on these facts, counsel was ineffective by advising him that self-defense was not viable.

{¶18} In addition to the foregoing factual summary, Walker presented a portion of a letter written to him by trial counsel, which states the following in relation to discussions about a plea deal:

5

I am not sure what is causing the back and forth on this decision. Self defense is not a viable defense in this case. If you testify and the jury believes your testimony, I believe you could be convicted of manslaughter. This is the best case scenario at trial. Your testimony does not support an acquittal. If the jury does not believe you or simply does not think your account justifies what occurred given the fact that you and Jeremy [another shooter] began shooting, you can be convicted of aggravated murder. The prosecutor is offering manslaughter and I believe you should take the offer.

**{¶19}** This limited evidence does not show that trial counsel was ineffective. First, it is not entirely clear what testimony, if any, would have been given by Walker in support of a self-defense claim or which version of the facts he conveyed to trial counsel. There is no testimony or sworn affidavit in the record to support the version of facts now provided by Walker.

**{¶20}** Walker also did not demonstrate that counsel failed to properly weigh his alleged version of the events when considering self-defense as an option. The portion of the letter supplied by Walker shows that counsel discussed the possible outcomes and emphasized the consequences Walker would face if the jury did not believe this testimony. It is clear from this letter that counsel had considered the facts and evidence obtained through discovery and was giving legal advice to Walker to allow him to make a decision based on her belief of the possible outcome. Walker's counsel was able to secure a plea deal for Involuntary Manslaughter, which lessened Walker's potential sentence.

**{¶21}** It has been held that "decisions about viable defenses are the exclusive domain of defense counsel after consulting with the defendant" and that, when "there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the

6

matter." *State v. Ortiz*, 5th Dist. Stark No. 2015CA00098, 2016-Ohio-354, ¶ 75, citing *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 150 (decisions regarding viable defenses are "'within the exclusive province of defense counsel to make after consultation with his client'") (citations omitted); *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980). This falls within the realm of a strategic choice, which is further supported by the fact that Walker argued variously that he shot the victim in self-defense and that it could not be proven that he shot the victim. *See State v. Donkers*, 170 Ohio App.3d 509, 2007-Ohio-1557, 867 N.E.2d 903, ¶ 183 (11th Dist.) ("a defendant has no constitutional right to determine trial tactics and strategy of counsel"). We find no basis for second-guessing counsel's decisions or to question the legal advice she gave Walker, especially in the absence of the presentation of credible evidence to show otherwise.

**{¶22}** Furthermore, even if counsel had been ineffective, it would be necessary for Walker to demonstrate that prejudice resulted. "The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. * * * Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." (Emphasis omitted.) *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 Ohio App. LEXIS 1348, 10 (Mar. 22, 2002).

**{¶23}** "Generally, a guilty plea is deemed voluntary if the record demonstrates the trial court advised the defendant of (1) the nature of the charge and the maximum penalty involved, (2) the effect of entering a guilty plea, and (3) that the defendant will

7

waive his constitutional rights by entering the plea." *State v. DelManzo*, 11th Dist. Lake No. 2009-L-167, 2010-Ohio-3555, ¶ 28.

{¶24} While Walker failed to provide the transcripts in this matter, a copy of the transcript of the change of plea hearing attached to the State's Response to the Motion to Withdraw Guilty Plea shows that each charge and the potential penalties were described, the effect of entering the plea was explained, and the constitutional rights waived by pleading guilty were outlined. Walker stated that he signed the agreement "freely and voluntarily" and when questioned whether he was satisfied with his attorney, he responded "absolutely." At no time did he convey dissatisfaction with his attorney or express that the plea was anything other than voluntary. The written plea agreement contains similar advisements and states, "I am satisfied with my attorney and [she] has effectively and diligently represented me." In light of these facts, Walker has not presented evidence to show prejudice.

{¶25} Walker cites *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708 (2d Dist.), in support of his conclusion that counsel was ineffective. *Turner* is distinguishable from the present case. In *Turner*, the court concluded that the attorney had made an improper statement of law, since the "attorney advised [the defendant] that a claim of self-defense was unavailable to him because [he] was engaged in a drug deal when the shooting occurred." *Id.* at ¶ 26. In addition, the attorney in *Turner* stated that the defense was not an available option, rather than that it would not be viable or successful. Here, as noted above, since there is little evidence to show exactly what trial counsel knew or believed to be the facts, it cannot be concluded that her statement that self-defense was not viable was inaccurate or a misstatement of

8

law as occurred in *Turner*. Counsel also did not state that she would not utilize self-defense if the matter did go to trial and appeared to be attempting to impress upon Walker the seriousness of proceeding to trial.

{¶26} The sole assignment of error is without merit.

{¶27} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, denying Walker's Motion to Withdraw Guilty Plea, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

9