[Cite as *State v. Lintz*, 2017-Ohio-5631.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-089** |
| SCOTT L. LINTZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 07 CR 000726.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Scott L. Lintz*, pro se, 8474 Hallnorth Drive, Mentor, OH 44060 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Scott L. Lintz, appeals from the July 8, 2015 judgment of the Lake County Court of Common Pleas, denying his pro se motion to vacate post-release control. The judgment is affirmed.

{¶2} On February 15, 2008, appellant was indicted on two counts of Felonious Assault, second-degree felonies, in violation of R.C. 2903.11(A)(1); two counts of Felonious Assault, second-degree felonies, in violation of R.C. 2903.11(A)(2); two

counts of Aggravated Assault, fourth-degree felonies, in violation of R.C. 2903.12(A)(1); and two counts of Aggravated Assault, fourth-degree felonies, in violation of R.C. 2903.12(A)(2).

{¶3} Appellant pled guilty to two lesser-included offenses of Counts One and Two, Attempted Felonious Assault, third-degree felonies, in violation of R.C. 2923.02 and R.C. 2903.11(A)(1). The remaining counts were dismissed. The change of plea form specified that appellant would have a mandatory three-year period of post-release control and, if appellant violated post-release control, he could be returned to prison for up to nine months on each violation, for a total of 50 percent of his original state prison term. The trial court accepted appellant's guilty plea.

{¶4} The trial court sentenced appellant to three years in prison on Count One and four years in prison on Count Two, to run consecutively for a total of seven years. At the sentencing hearing, appellant was correctly advised that he faced a mandatory three-year period of post-release control. The sentencing entry, however, incorrectly stated that post-release control was optional up to a maximum of three years. The entry also did not state in detail the consequences for violating post-release control. Appellant did not appeal from this sentencing entry.

{¶5} On April 1, 2010, appellant filed an "omnibus motion" in the trial court, which included, inter alia, a request to vacate void judgment. The trial court determined appellant's sentencing entry failed to correctly state the post-release control sanction because it indicated it was optional, not mandatory. The trial court held a hearing, pursuant to R.C. 2929.191, at which the trial court stated:

> With respect to page three of that judgment entry [filed on July 17, 2008], the first sentence of the second paragraph shall be corrected

2

to state as follows: 'The court has further notified the Defendant that post release control is mandatory in this case for a period of three years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code section 2967.28.' The remainder of that paragraph and the remainder of the judgment entry of sentence shall remain the same.

The trial court also made a reference to the consequences for violating conditions of post-release control, but it did not "spell out" those consequences during the hearing.

{¶6} On June 10, 2010, the trial court issued a nunc pro tunc entry that correctly included the mandatory three-year period of post-release control. The nunc pro tunc entry did not "spell out" the consequences for violating post-release control.

{¶7} Appellant filed a notice of appeal from the nunc pro tunc entry. He did not raise any issue regarding the trial court's advisement of the consequences for violating post-release control. We affirmed the trial court in *State v. Lintz*, 11th Dist. Lake No. 2010-L-067, 2011-Ohio-6511.

{¶8} Appellant has completed his total stated prison term and was released from prison on May 25, 2015. Upon his release, appellant was placed on post-release control. On May 27, 2015, appellant filed a pro se motion to vacate post-release control, which the trial court denied on July 8, 2015.

{¶9} Appellant appealed from this entry. We stayed appellant's appeal pending a decision from the Ohio Supreme Court in *State v. Grimes*, which has since been decided. Slip Opn. 2017-Ohio-2927 (Sup.Ct.).

{¶10} Appellant raises one assignment of error for our review:

The trial court committed plain error by denying Mr. Lintz's motion to vacate the void post release control portion of his sentence because at the resentencing hearing the trial court failed to provide oral notification of the consequences of any post release control

3

violations, nor journalized the consequences rendering the post release control portion of the sentence void.

{¶11} Appellant's argument on appeal is that the trial court failed to properly notify him of the consequences of violating post-release control and also failed to journalize a proper notification into its sentencing entry. Appellant alleges this error renders the post-release control portion of his sentence void, the error cannot be resolved as he has completed his prison term, and the imposition of post-release control must therefore be vacated. For a more thorough examination of the partial voidness doctrine in the realm of post-release control, see this court's opinion in *State v. Hall*, 11th Dist. Ashtabula No. 2016-A-0069, 2017-Ohio-4376.

{¶12} The Ohio Supreme Court's "main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶19 (citations omitted). Statutorily compliant notification includes the nature and length of the term of post-release control and the consequences of violating post-release control. *See id.* at ¶18 (citations omitted) and *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶69, citing R.C. 2929.191.

{¶13} When an offender does not receive statutorily compliant notification at the sentencing hearing, the only remedy is to provide the offender with proper notification before he completes the prison term for the relevant offense. *See State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, paragraph three of the syllabus.

{¶14} The trial court's original 2008 sentencing entry incorrectly stated that post-release control was *optional* up to a maximum of three years. The trial court held a hearing in 2010, pursuant to R.C. 2929.191, for the limited purpose of notifying

4

appellant that the sentencing entry was being corrected to reflect the notification he had received at his sentencing hearing, to wit: that post-release control was *mandatory* for a term of three years. That correction relates back to the original sentencing entry and has the same effect as if the trial court had originally included it in appellant's sentence. *Lintz*, *supra*, at ¶33, citing R.C. 2929.191 and *State v. McKinney*, 11th Dist. Trumbull No. 2010-T-0011, 2010-Ohio-6445, ¶19.

{¶15} Further, any challenge to the nunc pro tunc entry is limited to what occurred at the R.C. 2929.191 hearing and to what was corrected in the original sentencing entry. Notification of the consequences of violating post-release control was not before the trial court at the R.C. 2929.191 hearing and was not changed or corrected in the nunc pro tunc entry. Therefore, we must determine whether appellant was properly notified of the consequences at the original sentencing hearing.

{¶16} The entry now before us on appeal denied appellant's motion to vacate his post-release control. In that entry, the trial court stated the following:

> During both the change of plea hearing and the sentencing hearing, Lintz was correctly told that he faced mandatory three years post-release control. * * * The court also advised him that if he violated post-release control, more restrictive post-release control sanctions could be imposed, he could be sent back to prison as part of the sentence just imposed for an additional period of time that could not exceed one-half of the original prison sentence and that if his violation of post-release control was a new felony offense, he could be prosecuted for that new offense with yet an additional prison term being imposed as well.

{¶17} This is supported by the written plea agreement, signed by appellant, which provides: "After prison release, I will have a mandatory 3 years of post-release control. If I violate post-release control, I could be returned to prison for up to another nine (9) months for each violation, for a total of 50% of my original stated prison term."

5

{¶18} Appellant has not provided this court with a transcript of the original sentencing hearing nor has he pointed to anything else in the record to challenge the trial court's statement that it properly notified appellant of the consequences of violating post-release control at the original sentencing hearing. Under Ohio law, it is the appellant's duty to file portions of the transcript that are necessary for reviewing a trial court's decision. *State v. Hundzsa*, 11th Dist. Portage No. 2008-P-0012, 2008-Ohio-4985, ¶15-17, citing App.R. 9(B). In the absence of an adequate record, we must presume regularity in the trial court proceedings. *Id.* at ¶18; *see also State v. King*, 10th Dist. Franklin Nos. 15AP-930, 15AP-931, & 15AP-933, 2016-Ohio-1247, ¶18. We therefore presume the trial court provided proper notification of the consequences of violating post-release control at appellant's original sentencing hearing in 2008.

{¶19} Even presuming proper notification of the consequences at the hearing, that notification must also be set forth in the sentencing entry. When proper notification is given at the sentencing hearing, but the entry does not properly reflect the notification given, it may be corrected by way of a Crim.R. 36 nunc pro tunc entry. *Qualls*, *supra*, at ¶24. Again, this entry must be corrected prior to the offender's release from prison on the relevant offense or post-release control cannot be imposed. *Id.* Because appellant has already been released from prison, the only remaining issue before us is whether the sentencing entry properly reflects the notification appellant is presumed to have received at his original sentencing hearing.

{¶20} Recently, in *State v. Grimes*, the Ohio Supreme Court decided what constitutes sufficient notice in the sentencing entry with regard to the consequences of violating post-release control. The trial court is only required to include "a statement to

6

the effect that the Adult Parole Authority ('APA') will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Grimes*, *supra*, at ¶1.

{¶21} In *Grimes*, the trial court's sentencing entry stated it had notified the offender of "'the consequences for violating conditions of post release control imposed by Parole Board under Revised Code § 2967.28. The Defendant is ordered to serve as part of this sentence any term for violation of that post release control.'" *Id.* at ¶2. The Supreme Court held that this notification was sufficient for the purposes of advising the defendant of the consequences of violating post-release control:

> We agree that articulating in the sentencing entry the specific information set forth in R.C. 2929.19—including that 'the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender,' R.C. 2929.19(B)(2)(e)—would be more thorough. Although the trial court in this case could have been more comprehensive in its sentencing entry, the entry nevertheless satisfies the requirement that the trial court incorporate the advisements it provided at the sentencing hearing. By referring to R.C. 2967.28, the trial court's entry empowered Grimes and other readers to consult the statute and determine what consequences the APA could impose for any violation of the conditions of postrelease control. The entry thus met the statutory threshold for imposing a valid postrelease-control sentence.

*Id.* at ¶19.

{¶22} In the case sub judice, both the 2008 original sentencing entry and the 2010 nunc pro tunc entry state, similar to *Grimes*, that the court notified appellant of "the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code section 2967.28. The Defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any

7

prison term for violation of that post release control."  Pursuant to *Grimes*, this notification was sufficient.

{¶23}  Appellant's sole assignment of error is without merit.

{¶24}  The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.