[Cite as *State v. Walker*, 2018-Ohio-3964.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0024** |
| TASHAWN L. WALKER (aka "BOO"), | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CR 00812.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*TaShawn L. Walker,* pro se, PID# A672-455, Marion Correctional Institution, P.O. Box 57, Marion, OH 43301 (Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, TaShawn Walker, appeals from the judgment of the Trumbull County Court of Common Pleas, denying his "Motion for: Sentencing." The issues to be determined by this court are whether proper notification of post-release control requirements is provided when the trial court states its terms and consequences and references this in its judgment entry of sentence and whether a guilty plea should be withdrawn when the defendant contends he misunderstood the potential sentence

despite the fact that it was an agreed sentence. For the following reasons, we affirm the decision of the court below.

{¶2} On November 13, 2013, Walker was indicted by the Trumbull County Grand Jury for Aggravated Murder, an unclassified felony, in violation of R.C. 2903.01(A), with an accompanying Firearm Specification in violation of R.C. 2941.145; Carrying Concealed Weapons, a felony of the fourth degree, in violation of R.C. 2923.12(A)(2) and (F)(1); and Improperly Handling Firearms in a Motor Vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B) and (I).

{¶3} On July 20, 2015, a Finding on Guilty Plea to the Amended Indictment was filed. Walker entered a plea of guilty to an amended count of Involuntary Manslaughter, a felony of the first degree, in violation of R.C. 2903.04(A) and (C) with a Firearm Specification, as well as Carrying Concealed Weapons and Improperly Handling Firearms in a Motor Vehicle as charged in the Indictment.[1] At the plea hearing, the court reviewed Walker's rights, the maximum sentences, and the agreed-to sentence outlined in the plea agreement.

{¶4} A sentencing hearing was held following the entry of the plea and an Entry on Sentence was filed on July 28, 2015. At the hearing, the court noted that Walker had signed a Notice of Prison Imposition and explained: "In a case like this, you will be placed on post-release control for 5 years on Count 1, that is mandatory. And up to 3 years on Counts 2 and 3. That's optional." Walker was also informed of the consequences of violating post-release control and expressed that he understood these advisements. Walker was ordered to serve a term of 11 years in prison for Involuntary

---

1. Although a transcript of the plea/sentencing hearing was not filed by Walker, it was attached to the State's opposition to his initial Motion to Withdraw Guilty Plea.

2

Manslaughter, three years for the Firearm Specification, and 18 months for each of the remaining two counts. All terms were ordered to be served consecutively for a total prison term of 17 years.

{¶5}　On March 2, 2016, Walker filed a Motion to Withdraw Guilty Plea, in which he argued, inter alia, that trial counsel was ineffective by incorrectly advising him regarding self-defense. On March 14, 2016, the trial court denied his Motion. This court affirmed that decision in *State v. Walker*, 11th Dist. Trumbull No. 2016-T-0034, 2016-Ohio-8521.

{¶6}　On February 9, 2018, Walker filed a "Motion for: 'Sentencing.'" He alleged various errors in his sentencing, primarily relating to the alleged lack of advisements regarding the imposition and consequences of post-release control. The Motion included an "alternative relief request," asking to withdraw his guilty plea. The lower court denied the Motion in a February 23, 2018 Judgment Entry.

{¶7}　Walker timely appeals and raises the following assignments of error:

{¶8}　"[1.] Where a trial court makes a mistake in its journal entry regarding postrelease control, and further fails to incorporate 'mandatory' notifications and findings of fact in its journal entry, the entry is contrary to law; it must be vacated; and the appellant is entitled to a new sentencing hearing accordingly. * * *

{¶9}　"[2.] A guilty plea is unconstitutional (as a matter of law and fact) when such plea is predicated on: 1. A breach of an underlying contractual plea agreement * * * 2. non-compliance with the mandatory provisions of: Crim.R. 11(C)(2)(a) * * * 3. non-compliance with the mandatory provisions of: Crim.R. 11(C)(2)(c) * * * and 4. the plea was otherwise not knowingly, intelligently and voluntarily made * * *."

3

{¶10} In his first assignment of error, Walker raises several arguments regarding the validity of his sentencing.

{¶11} As an initial matter, we note that "[t]he doctrine of res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal," including alleged sentencing errors. *State v. McGowan*, 11th Dist. Ashtabula No. 2016-A-0052, 2017-Ohio-7124, ¶ 7. Walker contends, however, that his sentence was void and, thus, is properly subject to challenge.

{¶12} Void sentences are "not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." (Citation omitted.) *State v. Britta*, 11th Dist. Lake No. 2011-L-041, 2011-Ohio-6096, ¶ 14. However, a voidable sentence "can be set aside only if successfully challenged on direct appeal." *State v. Hall*, 2017-Ohio-4376, 93 N.E.3d 35, ¶ 12 (11th Dist.), citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28.

{¶13} Initially, Walker raises a claim relating to the "sequence" of his consecutive sentences. Any errors in relation to consecutive sentences render the sentences voidable rather than void. *State v. Mitchell*, 11th Dist. Trumbull No. 2017-T-0053, 2017-Ohio-9103, ¶ 12. Thus, this claim is barred although it is worth emphasizing that the sentence ordered was to the exact term of imprisonment agreed to by the parties.

{¶14} The remainder of Walker's arguments relate to his contention that the trial court failed to properly inform him of the length of his post-release control terms and the consequences for violating post-release control, and to incorporate this information into the sentencing entry.

{¶15} This court has held that, since the amendment of R.C. 2929.191, errors in

4

imposing post-release control are subject to statutory correction procedures and, given that remedy, "any improper post-release control portions of these sentences are not void." *Hall*, 2017-Ohio-4376, 93 N.E.3d 35, at ¶ 11. This court has further concluded, however, that since "'postrelease control does not arise by operation of law and its *imposition* will be rendered void unless the trial court' properly imposed post-release control," this court should consider errors relating to the sentence of post-release control, even when they are not raised on direct appeal. (Emphasis added.) *Id.* at ¶ 18-19; *see also State v. Lintz*, 11th Dist. Lake No. 2015-L-089, 2017-Ohio-5631, ¶ 11 (referencing the "partial voidness doctrine" in relation to post-release control). In considering the merits, it is evident that the trial court did not err in its imposition or order of post-release control.

{¶16} "[A] trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control," and it must incorporate the notice into the sentencing entry. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18-19. "[T]he sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ('APA') will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1.

{¶17} Walker contends the lower court's sentencing entry did not notify him of the consequences of a post-release control violation, including those set forth in R.C. 2929.141(A). We emphasize that the record shows Walker was properly advised at the sentencing hearing that if he violated the terms of his post-release control, he could be imprisoned for up to nine months for each violation, with the total not exceeding one-half of the original sentence.

{¶18} As to the contention that notification of the consequences was not correctly included in the sentencing entry, this issue has been recently addressed by the Ohio Supreme Court in *Grimes, supra*. *Grimes* held that the trial court "need not repeat [notifications made at the sentencing hearing] verbatim in the entry," but must "provide the APA the information it needs to execute the postrelease-control portion of the sentence." *Id.* at ¶ 13. The requirement to advise a defendant of the consequences of violating post-release control in the sentencing entry was found to be satisfied when the sentencing entry described that the court had notified the offender of "'the consequences for violating conditions of post release control imposed by Parole Board under Revised Code § 2967.28'" and also stated that "'[t]he Defendant is ordered to serve as part of this sentence any term for violation of that post release control.'" *Id.* at ¶ 2. "By referring to R.C. 2967.28, the trial court's entry empowered [the defendant] and other readers to consult the statute and determine what consequences the APA could impose for any violation of the conditions of postrelease control." *Id.* at ¶ 19. The sentencing entry in the present matter used this language almost verbatim, stating that the court notified Walker of "the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code section 2967.28" and "[t]he

6

Defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control," thereby satisfying the *Grimes* standard. *Lintz*, 2017-Ohio-5631, at ¶ 22 (finding that exact language to be sufficient).

{¶19} Walker also argues that the court was not permitted to use "the prohibited language" that he could serve "up to three years" of post-release control for Counts Two and Three, as he argues such language is impermissible and contrary to law, citing *State v. Tokar*, 8th Dist. Cuyahoga No. 91941, 2009-Ohio-4369, and several similar cases.

{¶20} Walker's argument is inapplicable to the facts of the present matter. In *Tokar*, as well as the other cases cited, it was held that the lower court erred in telling the defendant he would receive post-release control of "up to three years," when such post-release control was actually a *mandatory* term since the offense was a second-degree felony. *Tokar* at ¶ 15, fn. 2; R.C. 2967.28(B)(2). Here, the three-year terms of post-release control for Counts Two and Three, felonies of the fourth degree, were *optional,* as was accurately explained by the court multiple times during the plea/sentencing hearing, in the signed plea agreement, and in the sentencing entry. Pursuant to R.C. 2967.28(C), for felonies of the fourth degree (excluding sex offenses), a term of post-release control is optional and the sentence "shall include a requirement that the offender be subject to a period of post-release control of *up to three years* after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary

7

for that offender." (Emphasis added.) Thus, the court's description of the potential post-release control sentence for these two counts was accurate and valid.

{¶21} The first assignment of error is without merit.

{¶22} In his second assignment of error, Walker argues that his guilty plea was not voluntarily entered since the lower court did not provide proper advisements on the maximum penalty for his sentence, the consequences of post-release control, and a notification that a five-year post-release control term was part of his sentence.

{¶23} "Res judicata is applicable to issues asserted in a post-sentence motion to withdraw a guilty plea; i.e., if an issue could have been reviewed in a direct appeal from the sentencing judgment, it is barred from consideration in a post-sentence motion." *State v. Reyes*, 11th Dist. Portage No. 2016-P-0010, 2016-Ohio-5673, ¶ 14; *State v. Lorenzo*, 11th Dist. Lake No. 2007-L-085, 2008-Ohio-1333, ¶ 20 (res judicata "bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw [a] guilty plea that were raised or *could have been raised* in prior proceedings").

{¶24} Here, Walker not only could have raised his arguments in a direct appeal, he also could have raised them in his first motion to withdraw his plea and subsequent appeal. He failed to do so.

{¶25} To the extent that Walker argues error in the imposition of post-release control renders a sentence void and thus should also be considered in relation to a motion to withdraw, we note that it has been held that the doctrine of res judicata is inapplicable when a void sentence provides the ground for seeking to withdraw a plea. *See State v. Johnson*, 12th Dist. Butler No. CA2016-07-128, 2017-Ohio-4116, ¶ 11-12. However, as described above, we find no error in the court's advisements regarding the

8

consequences of a violation of post-release control or in its description of the optional nature of the three-year term. Walker also contends that he was unaware that the five-year term of post-release control was mandatory, apparently due to confusion originating from the court's statement at the plea portion of the hearing that "there is also a mandatory five-year sentence on Count One and an optional three-year post-release control on Counts Two and Three," which Walker seems to allege he interpreted to relate to the *prison term* on Count One. This is entirely contradicted by the signed plea agreement which clearly describes the five-year mandatory term of post-release control and the eleven-year prison term for Count One, as well as Walker's statement at the plea hearing that he understood the agreed-to sentence.

{¶26} The second assignment of error is without merit.

{¶27} For the foregoing reasons, the lower court's judgment, denying Walker's "Motion for: Sentencing," is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

9